IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREEM YOUNG, #222970, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-547-MHT |
| ) | [WO] |
| ) | |
| MR. ANGLIN, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and supplement thereto filed by Kareem Young ("Young"), an indigent state inmate currently incarcerated at the Easterling Correctional Facility. In this action, Young challenges the constitutionality of actions taken by the defendant with respect to "the failure to restore [his] good time." *Compl. - Doc. No. 1* at 3. Good time is a term often utilized by inmates in referencing correctional incentive time as permitted under the Alabama Correctional Incentive Time Act ("ACITA"). *Ala. Code* § 14-9-40, *et seq.*[1] Young requests that the court "restore [his] good time credits and release him from ADOC custody at that moment." *Id.* at 4. Young also seeks monetary damages from the defendant. *Id.*

---

[1] The pertinent portion of the ACITA states that "[e]ach prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, ... other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article ***may*** be entitled to earn a deduction from the term of his sentence." *Ala. Code* § 14-9-41(a).

Upon review of the complaint, the court concludes that dismissal of this case prior to a response from the defendant is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

It is clear to this court that success on the plaintiff's challenges to the denial of a restoration of correctional incentive time would necessarily impact the duration of his present incarceration. Consequently, the claims presented by Young are not cognizable in a section 1983 action at this time. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In *Heck*, the Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks . . . speedier release, even though such a claim may come within the literal terms of § 1983." 512 U.S. at 481. The Court subsequently determined that a prisoner's request for either declaratory relief or monetary damages arising from an action impacting the duration of his confinement that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under §

---

[2]The court granted Young leave to proceed *in forma pauperis* in this cause of action. *Order of July 30, 2015 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1983" unless such action has previously been overturned. *Balisok*, 520 U.S. at 648. The Court emphasized that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645; *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996) (An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."); *Miller v. Ind. Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). It is now well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

A judgment in favor of Young on his claims would necessarily imply the invalidity of the length of his incarceration. It is clear from the complaint that the decision denying restoration of correctional incentive time to Young has not been invalidated in an appropriate proceeding. *Heck* and its progeny therefore bar Young's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on the constitutionality of the duration of his confinement. *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). "Even a prisoner who has fully exhausted [all] available . . . remedies has no cause of action under § 1983 unless and until the [the challenged decision affecting the duration of his confinement] . . . is reversed, expunged, invalidated, or impugned by the grant of a writ of

3

habeas corpus." *Heck*, 512 U.S. at 489. Consequently, the instant collateral attack on the failure of a state official to restore correctional incentive time deductions to Young is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 28, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[3]The plaintiff is advised that prior to seeking federal habeas corpus relief he must first properly exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the States[.]").

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 14th day of August, 2015.

                                      /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE